NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DAYMOND DERAY HAYES, *Petitioner.*

No. 1 CA-CR 24-0610 PRPC

FILED 03-18-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2020-110242-001
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Daymond Deray Hayes, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**C A T L E T T**, Judge:

¶1 Petitioner Daymond Deray Hayes ("Hayes") seeks review of the superior court's denial of his notice requesting post-conviction relief ("PCR"). We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 Hayes pled guilty to second degree murder. On July 26, 2023, the court sentenced Hayes to 19.5 years in prison.

¶3 On April 8, 2024, Hayes filed his first, untimely notice requesting PCR. In the notice, Hayes indicated he was raising claims under Arizona Rules of Criminal Procedure 33.1(a), (e), and (f). Acknowledging his notice was untimely, Hayes asserted only that the delay was not his fault because his attorney told him that "an appeal would be submitted" on his behalf. The superior court summarily dismissed his notice, finding his claims were inexcusably untimely under Rules 33.4(b)(3)(A) and 33.2(b)(1). Hayes moved for reconsideration, but the court denied that request.

¶4 Hayes timely petitioned for review. We have jurisdiction. *See* A.R.S. § 13-4239(C); Ariz. R. Crim. P. 33.16(a)(1).

## DISCUSSION

¶5 We will not disturb a superior court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Kolmann*, 239 Ariz. 157, 160 ¶ 8 (2016). It is the petitioner's burden to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011) (petitioner has the burden of establishing an abuse of discretion on review). Hayes has not met that burden.

¶6 A defendant asserting a Rule 33.1(a) claim must file a notice requesting PCR "within 90 days after the oral pronouncement of sentence."

Ariz. R. Crim. P. 33.4(b)(3)(A). The court must excuse an untimely claim under Rule 33.1(a) "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D). A defendant alleging a Rule 33.1(e) claim must file the notice "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). A defendant filing a Rule 33.1(e) claim in an untimely notice "must explain the reasons . . . for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). If the notice does not include "sufficient reasons" for the untimely filing "the court may summarily dismiss the notice." Ariz. R. Crim. P. 33.2(b)(1).

¶7        In his notice, the only justification Hayes provided for his untimely filing was that his attorney told him that "an appeal would be submitted" on his behalf. Hayes asserts the court abused its discretion because his attorney's failure to file a notice constituted good cause and the court should have granted him a hearing to allow him to provide a better explanation. Hayes also claims in his petition that he asked his attorney to file the notice sometime after the July sentencing, and followed up in October, approximately three weeks before the deadline.

¶8        But Hayes did not include that information in his notice. And he did not include any other information from which the superior court could conclude that his failure to timely file his Rule 33.1(a) claim was not his fault or that he brought his 33.1(e) claim within a reasonable time after discovering the basis for that claim. The superior court did not abuse its discretion in concluding that merely explaining that an attorney told him that "an appeal would be submitted" was insufficient to excuse his untimeliness. *See* Ariz. R. Crim. P. 33.2(b)(1) ("If the notice does not provide sufficient reasons why the defendant did not raise the claim . . . in a timely manner, the court may summarily dismiss the notice."). In his petition for review, Hayes admits he knew the notice was not filed, but he still "waited a few months" before eventually filing five months after the deadline in Rule 33.1(a).

¶9        Hayes has not identified any legal or factual error in the court's conclusion that his notice was inexcusably untimely. The court did not abuse its discretion in summarily dismissing Hayes' notice.

## CONCLUSION

¶10         We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR